NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0567n.06

No. 09-3060

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
**Aug 14, 2009**
LEONARD GREEN, Clerk

In re: RANDALL J. HAKE; MARY ANN HAKE,

Debtors.

)
)
)
)
)

ON APPEAL FROM THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF OHIO

Before: GILMAN, COOK, FARRIS,[*] Circuit Judges.

PER CURIAM. Following a Discharge Adversary Proceeding ("DAP"), the bankruptcy court ordered Buckeye Retirement Co. ("Buckeye") to show cause why the court should not revoke the pro hac vice admission of its lead counsel, F. Dean Armstrong. In response, Buckeye stipulated that Armstrong would withdraw as counsel, and moved to withdraw the order as moot. Alternatively, Buckeye moved for Bankruptcy Judge Woods to recuse herself. The court denied both motions and revoked Armstrong's admission. The Sixth Circuit Bankruptcy Appellate Panel ("BAP") affirmed the decision, and we do likewise.

I.

This dispute stems from Randall and Mary Ann Hake's petition for relief under the Bankruptcy Code. Buckeye, initiating the DAP, objected to the Hakes' discharge and moved the

_____

[*]The Honorable Jerome Farris, Circuit Judge of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

No. 09-3060
*In re Hake*

court to admit Armstrong pro hac vice as its lead counsel. The court granted the motion and entered an order admitting Armstrong (the "Admission Order"). The newly admitted Armstrong then repeatedly clashed with Judge Woods over the course of the proceedings. In the court's own words, Armstrong:

> [S]howed a great deal of contempt as well as disrespect for this Court. You would point your finger at me. You would roll your eyes. You'd make expressions. You'd accuse me of things and you'd argue with me in ways that were totally inappropriate and disrespectful.

The BAP, reviewing the trial record, described Armstrong as "argumentative, disrespectful, and antagonistic toward the Court, including rolling his eyes and making faces while the Court was speaking and raising his voice." *In re Hake*, 387 B.R. 490, 500 (Bankr. N.D. Ohio 2008).

While it is difficult to assess some of the bankruptcy court's findings without a video of the proceedings, we will not find an abuse of discretion where the record supports the judge's reasoning for revoking an attorney's admission. Here, the record suffices to affirm.

One incident in particular illustrates Armstrong's disrespect for the court. On the third day of trial, after repeated conflicts with Judge Woods, the court warned Armstrong that further arguments would require removing him from court. Undeterred, on the fourth day, Armstrong commenced yet another argument after the court asked about the production of a document:

THE COURT: It is very clear to this Court that Mr. Hake did not produce this document. I don't think there's any question about that. Is that correct, Mr. Armstrong?

MR. ARMSTRONG: It is very clear to the Court Mr. Hake did not produce this document. It should be equally clear to the Court that for –

THE COURT: Mr. Armstrong –

MR. ARMSTRONG: – it should be –

THE COURT: – Mr. Armstrong, I told you yesterday if you started arguing with me, you're going to be removed from the Court. Sit down. You're not going to be allowed to talk anymore. One of your other co-counsel can continue. I asked you a question just to establish something on the record. It required a yes or no answer. Sit down. You may participate in this trial as an observer only from here on out.

. . . .

THE COURT: But I want the record to be very clear Mr. Armstrong has argued with me on Monday, on Tuesday and Wednesday. Yesterday afternoon, I told him in no uncertain terms that if he did it again he would be removed from the courtroom. I asked a question just to clarify about production, and instead of answering the question, he started arguing and asking me questions which is not permitted and he knows it. So the record is very clear . . . .

MR. ARMSTRONG: Your Honor, may I please be heard for a second?

THE COURT: No.

MR. ARMSTRONG: I'd like to apologize to the Court. Could the Court please hear me?

Only minutes later, despite this exchange, Armstrong rose from his seat to whisper directions to his co-counsel at the lectern, violating the court's express instructions:

THE COURT: Wait. Just a – just a minute. Mr. Armstrong, you were told you could continue to participate as a spectator only. I would not permit a spectator to come to the – to the lectern and talk to any of the attorneys who are speaking. You must remain seated.

Beyond the issue of disrespectful conduct, Armstrong argues that the district court also erred by grounding its decision to revoke his admission on its finding that he intentionally violated an order barring Buckeye from subpoenaing Mrs. Hake. Armstrong contends that Buckeye requested the subpoena before the court issued its order, and that he attempted to stop the request. We do not reach this issue, finding that Armstrong's disrespectful behavior justified the decision to revoke his admission.

## II.

Armstrong presses two other arguments. First, he contends that the court erred in denying the motion to withdraw the Show Cause Order as moot. Second, he asserts that the court should have granted the motion to recuse Judge Woods from deciding "the contempt and pro hac vice issues" due to criticisms she leveled at Mr. Armstrong.

We address mootness first. Armstrong maintains that Buckeye, by stipulating that Armstrong would withdraw as its counsel, mooted the admission issue by rendering uncontested "[t]he only remedy sought by the Bankruptcy Court—the vacation of Armstrong's pro hac vice admission." But Armstrong's admission remained a live issue so long as the Admission Order existed. As the bankruptcy court observed, the court alone could revoke the Admission Order; a party cannot stipulate away a court order.

As for the recusal motion, Buckeye pointed the court to *Taylor v. Hayes*, 418 U.S. 488 (1974), which concerned a criminal-contempt proceeding. During the Show Cause Hearing, Judge Woods distinguished that case from a proceeding regarding an attorney's pro hac vice admission. And regardless, Judge Woods's criticism of Armstrong did not require recusal because generally, "judicial remarks during the course of a trial that are critical or disapproving of . . . counsel . . . do not support a bias or partiality challenge." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Such remarks warrant recusal only "if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." *Id.* Armstrong offers no support for the proposition that bias impaired Judge Woods's judgment—indeed, the court ruled *in favor of* Armstrong's client on the merits of its claim against the Hakes.

Neither of Armstrong's arguments undermine the validity of the decision to revoke his pro hac vice admission. The record supports the bankruptcy court's findings.

III.

We affirm.